IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOHN CORNELIUS GASKINS,
Petitioner,

v.                                                                          Civil No. 3:23cv29 (DJN)

HAROLD CLARKE,
Respondent.

**MEMORANDUM OPINION**

John Cornelius Gaskins, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his conviction in the Circuit Court for the County of Fairfax ("Circuit Court") for possession of a firearm by a convicted felon. Respondent has moved to dismiss. (ECF No. 22.) The Court has provided Gaskins with appropriate *Roseboro* notice.[1] (ECF No. 32.) Gaskins has responded. (*See, e.g.*, 30–31, 35.) For the reasons set forth below, the Second Motion to Dismiss (ECF No. 22) will be GRANTED.[2]

**I. PERTINENT PROCEDURAL HISTORY**

Gaskins was convicted in the Circuit Court of possession of a firearm by a convicted felon. (ECF No. 24-1, at 1.) Gaskins appealed. On August 31, 2020, the Supreme Court of Virginia refused Gaskins's petition for appeal. (ECF No. 24-3, at 29.) Thereafter, on November 25, 2020, the Supreme Court of Virginia refused Gaskins's petition for rehearing. (*Id.* at 34.)

On or about July 14, 2022, Gaskins filed a petition for a writ of actual innocence in the Court of Appeals of Virginia. (*See* ECF No. 24, at 1.) The Court of Appeals of Virginia

---

[1]   *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2]   The Court corrects the capitalization, spelling, and punctuation and omits unnecessary quotation marks in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

summarily denied the petition on August 5, 2022. (*See id.* at 1–2.) On January 24, 2023, the Supreme Court of Virginia stated "that the appeal was not perfected in the manner provided by law because appellant failed to timely file a notice of appeal in the Court of Appeals, [and] the Court dismisses the petition for appeal filed in the above-styled case. Rule 5:14(a)." (ECF No. 24-4, at 21.)

On December 7, 2022, Gaskins filed a petition for a writ of habeas corpus with the Supreme Court of Virginia wherein he asserted that the Virginia Department of Corrections had failed to properly calculate his sentence. (ECF No. 24-5, at 1–8.) That petition remains pending. (*See* ECF No. 24, at 2 n.1.)

On January 4, 2023, Gaskins mailed his § 2254 Petition to this Court.[3] Gaskins raises the following claims:

> Claim One: Denial of effective assistance of trial counsel.
> (a) "Trial counsel failed to perform adequate pretrial investigation or offer possible defenses." (ECF No. 1-1, at 1.)
> (b) "Trial counsel failed to perform adequate discovery." (*Id.*)
> (c) "Trial counsel failed to file a motion to suppress evidence." (*Id.*)
> (d) "Trial counsel's overall performance amounted to [the] constructive denial of counsel." (*Id.*)
> (e) "Trial counsel failed to challenge the prosecution as selective." (*Id.* at 2.)
> (f) "Trial counsel failed to request a continuance." (*Id.*)
>
> Claim Two: Denial of the effective assistance of appellate counsel.
> (a) "Appellate counsel failed to speak/interview the trial attorney before filing the appeal" and adequately review the transcripts and trial exhibits. (*Id.*)
> (b) "Appellate counsel failed to raise the issue of the ineffective assistance of trial counsel on appeal." (*Id.*)
>
> Claim Three: The evidence was insufficient to support Gaskins's conviction. (*Id.*)

---

[3] This is the date that Gaskins swears that he placed the federal habeas petition in the prison mailing system. (ECF No. 1, at 14.) The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## II. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVIEW

To obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") further circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable — a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable

3

doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

In rejecting Gaskins's challenge to the sufficiency of the evidence, the Court of Appeals of Virginia aptly summarized the evidence as follows:

> Detective S.W. Massey of the Fairfax County Police Department posted an advertisement on Craigslist stating that he was a firearms collector in search of firearms to purchase.[4] Appellant, who is a convicted felon, responded to the ad, but told Massey that he wanted to purchase a firearm.[5] Massey and appellant corresponded about the type of gun appellant wanted to buy, and they arranged to meet in a parking lot in order for appellant to buy a Lorcin 9 mm pistol.
> In the parking lot, appellant, who was parked next to Detective Massey, entered Massey's vehicle and sat in the front passenger seat. Massey had placed the gun in a small plastic Stanley toolbox with a padlock on it. Massey opened the box and showed appellant the gun. Appellant asked Massey about the "safety" on the gun, and Massey showed him where the safety was located. Appellant expressed interest in buying multiple guns stating "I want to get them all . . . I'm from Richmond so I know how easy it is to like get guns . . . ." Appellant also asked Massey if he had any "Glock 40s" because he had ammunition for that type of firearm. After showing appellant the gun, Massey closed the box and put the padlock back on the box. Massey kept the key to the padlock, explaining at trial that this was done for safety reasons. Appellant then gave Massey money, took the box containing the gun from the detective, and placed it on his lap as they discussed the possibility of buying another gun. Massey told appellant that he needed to get ammunition and magazines for the Lorcin gun that the appellant had just purchased from the trunk of the car, and he exited the vehicle. As Detective Massey got out of his vehicle, he gave a signal to the arrest team. Appellant placed the box on the center console, exited Massey's vehicle, walked to his car, and opened the trunk of his car. Appellant and Massey spoke briefly in the parking lot, and the arrest team arrived, taking appellant into custody. A video recording of the incident was played at trial.
> Appellant argues that he never exercised dominion and control over the gun. He maintains that the gun was always under Detective Massey's exclusive

---

[4] Although the parties spell the detective's surname "Massie," the trial transcript spells it "Massey," which is consistent with the spelling of the detective's name on the appellant's warrant of arrest found in the record. Accordingly, this order uses the spelling in the trial transcript.

[5] Appellant's prior felony conviction order was entered into evidence.

4

dominion and control because the detective retained the key to the box. We disagree.

It is unlawful for a convicted felon to knowingly and intentionally possess a firearm. Code § 18.2-308.2. "[T]o prove a violation under the plain language of [Code § 18.2-308.2], the Commonwealth must establish nothing more than that the defendant 'has been convicted of a felony' and that he or she 'knowingly and intentionally possessed . . . any firearm.'" *Branch v. Commonwealth*, 42 Va. App. 665, 669 (2004) (alteration in original) (quoting Code § 18.2-308.2). "Possession of a [firearm] may be actual or constructive." *Watts v. Commonwealth*, 57 Va. App. 217, 232 (2010).

To establish constructive possession of [a] firearm by a defendant, "the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was *subject* to his dominion and control." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008) (emphasis added) (quoting *Rawls v. Commonwealth*, 272 Va. 334, 349 (2006)). "[T]he issue of constructive possession 'is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused.'" *Smallwood v. Commonwealth*, 278 Va. 625, 631 (2009) (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)).

Here, the evidence "clearly supports the finding that the firearm" was at the very least constructively possessed by appellant because it was "'subject to' [appellant]'s dominion and control." *Id.* After reading Massey's advertisement, appellant contacted the detective and told him that he wanted to buy a firearm. When the two men met intending to complete the gun sale, Massey opened the box and showed appellant the firearm. Thus, appellant was aware of the presence and character of the firearm inside the box. After Massey showed the gun to appellant, Massey closed and locked the plastic box, accepted appellant's payment for the gun, and handed appellant the locked box containing the gun. Appellant then took the box and placed it in his lap. After Massey exited the car to get the ammunition and magazine, appellant placed the box on the car's console and got out, walking to the trunk of his own vehicle where he was arrested. Although appellant moved the box to the center console shortly after placing it on his lap, "[t]he duration of possession is immaterial." *Grier v. Commonwealth*, 35 Va. App. 560, 570 (2001) (alteration in original) (quoting *Gillis v. Commonwealth*, 215 Va. 298, 302 (1974)).

Furthermore, while appellant may not have had immediate access to actual possession of the gun at that point, if appellant "wanted to actually possess it, he could have." *Hunter v. Commonwealth*, 56 Va. App. 50, 60 (2010). In *Hunter*, the Court found that the evidence was sufficient to prove constructive possession of a firearm where the firearm was in a locked glove box and the appellant did not possess the key.[6] *Id.* at 61. Hunter was riding in the front passenger seat of a

---

[6] We note that the defendant in *Hunter* was not charged with possession of a firearm by a convicted felon. Instead, that defendant had been charged with possession of a concealed weapon pursuant to Code § 18.2-308(A) and possession of a weapon while possessing a Schedule I or II substance pursuant to Code § 18.2-308.4(B). *Hunter*, 56 Va. App. at 54.

5

> vehicle that was stopped and subsequently searched. *Id.* at 54. As police moved to search the glovebox, the driver told Hunter not to worry because the glovebox was locked and "[he] ha[d] the keys." *Id.* at 60. The court reasoned that Hunter's concern about the officer searching the glovebox indicated he knew of the presence and character of the firearm and because he could have gained actual possession at any time, the fact that the driver held the key to the locked glovebox only established that the driver was in joint constructive possession. *Id.* at 61. Similarly, "[t]he fact that [Detective Massey] also exercised dominion and control by locking the [tool]box simply establishes that he was in joint constructive possession of the weapon." *Id.*
>
> In this case, the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that appellant knowingly and constructively possessed the firearm that was inside the locked plastic box. *See id.* Accordingly, the trial court's decision to find him guilty of possession of a firearm by a convicted felon was not "plainly wrong or without evidence to support it." *Marshall v. Commonwealth*, 69 Va. App. 648, 653 (2019).

(ECF No. 24-2, at 46–49 (footnote numbers altered) (alterations in original).) This evidence amply supports the conclusion that Gaskins was a convicted felon who possessed a firearm.[7] Accordingly, Claim Three will be DISMISSED.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show

---

[7] Gaskins has filed a "MOTION FOR LEAVE TO AMEND RECORD," wherein he appears to argue that the Circuit Court lacked subject matter jurisdiction because it had to rely on case law to convict him. (ECF No. 30, at 4 "In my case the . . . judge or the prosecution on Petitioner['s] case had any case law for the fabricated charge that was issue on me, which constitutes not the right kind of charge and thus establish thus the court did not have subject matter jurisdiction to judge me guilty.")) The Motion (ECF No. 30) will be GRANTED to the extent that the Court has considered the argument and finds it incoherent and unpersuasive.

that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Trial Counsel

In Claim One (a), Gaskins asserts that: "Trial counsel failed to perform adequate pretrial investigation or offer possible defenses." (ECF No. 1-1, at 1.) In Claim One (b), Gaskins assert that: "Trial counsel failed to perform adequate discovery." (*Id.*) To prevail on his claims that counsel failed to conduct an adequate pretrial investigation or adequate discovery, Gaskins must identify what an adequate investigation or discovery would have revealed. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." (citing *Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990))). Gaskins fails to direct the Court to what information or evidence an adequate investigation or discovery would have revealed. Gaskins fails to demonstrate deficiency or prejudice. Accordingly, Claim One (a) and One (b) will be DISMISSED.

Next, in Claim One (c), Gaskins faults counsel for failing to file a motion to suppress. Gaskins, however, fails to articulate any plausible basis for filing a motion to suppress. Accordingly, Claim One (c) will be DISMISSED.

In Claim One (d), Gaskins asserts that counsel's overall performance amounted to the constructive denial of counsel. Because Gaskins "state[s] only bald legal conclusions with no supporting factual allegations," it is subject to summary dismissal. *See Sanders v. United States*, 373 U.S. 1, 19 (1963). Accordingly, Claim One (d) will be DISMISSED.

7

In Claim One (e), Gaskins faults counsel for not asserting that Gaskins was the victim of selective prosecution. "The burden on a party seeking to dismiss an indictment on the basis of selective prosecution is high." *United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012), *as amended* (Feb. 15, 2012). A defendant must present "clear evidence" "both (1) that similarly situated individuals of a different race were not prosecuted, and (2) that the decision to prosecute was invidious or in bad faith." *Id.* (quoting *United States v. Olvis*, 97 F.3d 739, 743 (4th Cir. 1996)). Gaskins fails to point to any evidence, much less clear evidence, to support either of these factors. Accordingly, counsel reasonably eschewed asserting that Gaskins was the victim of selective prosecution. Gaskins fails to demonstrate deficiency or prejudice. Claim One (e) will be DISMISSED.

In Claim One (f), Gaskins asserts that counsel should have moved for a continuance when the trial judge "stated that he himself was unsure of the actual state of the law." (ECF No. 1-1, at 2 (citations omitted).) Gaskins, however, fails to demonstrate that had counsel sought a continuance it could have in anyway altered the ultimate outcome. Gaskins fails to demonstrate counsel performed deficiently by failing to move for a continuance or that he was prejudiced. Accordingly, Claim One (f) will be DISMISSED.

## B. Appellate Counsel

In Claim Two (a), Gaskins complains that "[a]ppellate counsel failed to speak to/interview the trial attorney before filing the appeal" and adequately review the transcripts and trial exhibits. (ECF No. 1-1, at 2.) Gaskins fails to demonstrate that the result of the appeal would have been any different had counsel taken these actions. Accordingly, Claim Two (a) will be DISMISSED, because Gaskins fails to demonstrate prejudice.

Finally, in Claim Two (b), Gaskins faults appellate counsel for failing "to raise the issue of the ineffective assistance of trial counsel on appeal." (ECF No. 1-1, at 2.) In Virginia, "a

8

petitioner can only raise an ineffective assistance claim on collateral review." *Juniper v. Davis*, 737 F.3d 288, 289 (4th Cir. 2013). Therefore, appellate counsel acted reasonably in not pursuing a claim of ineffective assistance of trial counsel on direct appeal. Gaskins fails to demonstrate counsel performed deficiently or how he was prejudiced. Claim Two (b) will be DISMISSED.

## V. CONCLUSION

The Motion for Leave to Amend Record (ECF No. 30) will be GRANTED. Gaskins fails to demonstrate that he is entitled to default judgment. Accordingly, Gaskins's Motion for Default Judgment (ECF No. 31) will be DENIED. The Second Motion to Dismiss (ECF No. 22) will be GRANTED. Gaskins's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Gaskins and counsel of record.

/s/
David J. Novak
United States District Judge

Alexandria, Virginia
Date: November 21, 2024